ENDICOTT JOHNSON CORPORATION, demandante y apelante, *v.* RAMÓN ECHEANDÍA, haciendo negocios bajo el nombre de R. M. ECHEANDÍA y MARÍA VICTORIA IÑIGO Y GOICO, demandados y apelados.

No. 6169.—*Sometido:* Diciembre 1, 1933. *Resuelto:* Septiembre 29, 1934.

*Pedro G. Quiñones,* abogado de la apelante; *José Sabater,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La demanda en este pleito tiene por objeto que los demandados paguen $5,000 de unos pagarés garantizados con hipoteca, pero después de celebrado el juicio, al que no asistieron los demandados, la corte declaró sin lugar la demanda y se interpuso esta apelación.

La demandante "Endicott Johnson Corporation," del Estado de New Jersey, en los Estados Unidos de América, celebró un contrato con R. M. Echeandía, comerciante de Mayagüez en esta isla, el 7 de octubre de 1930, por el cual la corporación concedió a Echeandía un crédito por $5,000 en cuenta corriente por término de dos años prorrogable por otro año más para la compra a la corporación de mercancías fabricadas por ella. En ese contrato se estipuló que Echeandía pagaría un tanto por ciento mensual, que podía hacer abonos mayores y pedidos a la corporación en cualquier tiempo; y para el caso de incumplimiento por Echeandía de ese contrato se convino la manera cómo sería pagado por él el saldo que arrojase su cuenta. En la última cláusula de ese contrato se estipuló lo siguiente:

"*Undécima:* Para garantizar el crédito de los cinco mil dollars ($5,000.00) o cualquier cantidad menor que adeudare el Sr. Echeandía, éste entregará a aquélla dos pagarés hipotecarios por tres mil

dollars ($3,000.00) y dos mil dollars ($2,000.00), respectivamente, los cuales estarán librados a la orden del portador, y la tenedora podrá proceder a su cobro por la vía que creyere más conveniente.''

Tres días después de ese contrato, el 10 de octubre de 1930, la esposa de Echeandía, asistida de su marido, otorgó escritura pública por la cual como dueña de ciertos condominios que adquirió por herencia paterna y materna los hipotecó para garantizar el pago de dos pagarés, uno de $3,000 y otro de $2,000 a la orden del tenedor de ellos, que los esposos suscribieron el mismo día, comprometiéndose a pagarlos solidariamente el día 10 de octubre de 1933; y la deudora hipotecaria se obligó a inscribir dichos condominios en el término de 120 días a contar de la fecha de la escritura: conviniéndose también que si no lo hiciera el tenedor o los tenedores de las obligaciones podrán declararlas vencidas y proceder judicialmente a su cobro. La inscripción de esa hipoteca fué negada por el registrador de la propiedad el 11 de octubre de 1930 porque los condominios gravados no aparecen inscritos a nombre de la hipotecante y sí de persona distinta. En mayo del año siguiente, 1931, antes de la fecha del vencimiento de los pagarés hipotecarios, la corporación demandó judicialmente el pago de los $5,000 que suman esas dos obligaciones.

Aunque la hipoteca constituída por la esposa de Echeandía está vencida de acuerdo con el artículo 1082 del Código Civil, edición de 1930, porque ella no tiene derecho a utilizar el plazo que se le concedió hasta 1933 para verificar el pago por no haber inscrito los condominios que gravó, por lo que no ha podido ser inscrita la hipoteca que sobre ellos constituyó, disminuyendo así esa garantía después de establecida porque no está protegida contra terceras personas, sin embargo, los esposos demandados no están obligados a pagar los $5,000 que suman esos pagarés porque de los documentos traídos a este pleito aparece que los pagarés hipotecarios se otorgaron para garantizar la cuenta corriente llevada entre Echeandía y la corporación hasta $5,000. Por consiguiente,

los esposos Echeandía no deben a la corporación la cantidad de $5,000 sino el saldo que arroje la expresada cuenta corriente cuando sea liquidada al vencer los tres años de ella o antes por incumplimiento por Echeandía de su contrato con la corporación. La demanda no se funda en la liquidación de la cuenta corriente, por lo que no se sabe hasta cuál cantidad serán responsables los esposos demandados, especialmente la mujer con sus condominios.

El caso de *Geo. P. Plant Milling Co.* v. *Navas,* 22 D.P.R. 273, citado por la apelante, no es de aplicación al presente porque en él se constituyó la hipoteca por la esposa para pagar deudas liquidadas y reconocidas por su marido, y si bien se hacía extensiva a ciertas remesas de mercancías que se le hicieran, eran por cantidad fija y pagable a la presentación de los giros, por lo que no se estableció una cuenta corriente como en el caso que resolvemos.

*La sentencia apelada debe ser confirmada.*